Judgment, Supreme Court, New York County (Barbara Jaffe, J.), entered May 18, 2012, insofar as appealed from as limited by the briefs, denying the petition and dismissing the proceeding brought pursuant to CPLR article 78 to annul the determination of respondent New York State Division of Housing and Community Renewal (DHCR), issued July 19, 2011, which denied petitioner’s petition for administrative review (PAR) of the denial of her rent overcharge complaint, reversed, on the law, without costs, the judgment vacated, and the matter remanded to DHCR for further proceedings consistent herewith.
Although petitioner filed her overcharge complaint more than four years after the building owner registered the monthly rent, she contends that DHCR should not have accepted $1,750 as the registered monthly rent on the base date, April 7, 2005, because there are substantial indicia of fraud.
The owner increased the registered monthly rent from $572 in July 2004, when a long time tenant vacated the apartment, to $1,750 in October 2004. More than 90% of the increase reflects an adjustment for “individual apartment improvements” (IAIs) under the Rent Stabilization Law of 1969 (Administrative Code of City of NY § 26-501 et seq.) and the Rent Stabilization Code (9 NYCRR 2520.1 et seq.). To justify that adjustment, the owner would have had to spend about $39,000 to renovate the apartment in 2004. Petitioner, who moved into the apartment in 2007, is currently paying rent of over $2,000 a month.
In a letter to DHCR, petitioner set forth a specific and detailed description of the apartment in 2007, alleging that, based on its condition when she moved in, the owner could not have spent $39,000 for improvements to the building, which was constructed in 1932. Among other things, petitioner stated that the hardwood floors, bathtub, doors, and fixtures are original to the *595 apartment, and that the kitchen had been updated with low-quality appliances which she estimated cost less than $1,000. She described the kitchen as having “very inexpensive Home Depot cabinets,” slat floors, and a used or recycled sink that did not fit in the cutout in the wall. The owner has never submitted any evidence rebutting petitioner’s claim that the IAIs were minimal and cost far less than claimed.
Under the standard set forth in Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin. (15 NY3d 358 [2010]), petitioner made a sufficient showing of fraud to require DHCR to investigate the legality of the base date rent (see also Bogatin v Windermere Owners LLC, 98 AD3d 896 [1st Dept 2012]). Although the “look-back” for an apartment’s rental history is ordinarily limited to the four-year period preceding the date that the petitioner files the complaint (see Thornton v Baron, 5 NY3d 175, 180 [2005]), where fraud is alleged and there is “substantial indicia of fraud on the record,” DHCR is obliged to investigate whether the base date rate was legal and “act[s] arbitrarily and capriciously in failing to meet that obligation” (Grimm, 15 NY3d at 366).
Thus, we find that DHCR’s disparate treatment of the parties’ claims was arbitrary. While the agency made no attempt to evaluate the legitimacy of petitioner’s claims despite their consistency and degree of detail, DHCR credited the owner’s implicit claim that it spent $39,000 to renovate the apartment simply because “it would not be difficult for anyone with any experience in this industry to believe it could have taken $39,000 in IAIs to update the appearance and equipment in an apartment which had not changed hands for thirty-two years.” This justification for the agency’s determination is irrational. Finding that the owner “could have” spent $39,000 in IAIs, where the owner never submitted any evidence controverting petitioner’s claims is not equivalent to finding that the owner actually made improvements costing that much. Accordingly, this matter should be remanded to DHCR to give the parties the opportunity to present evidence in connection with the legality of the base rate rent.
Under the circumstances presented, DHCR acted within its discretion by resolving the PAR on the merits even though petitioner filed it outside the 35-day statutory time frame (9 NYCRR 2529.2), and, contrary to the owner’s contention, the record does provide a basis to amend the caption. Concur— Mazzarelli, J.E, Freedman and Feinman, JJ.